1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| JOSE LOPEZ, | ) Case No. CV 12-3036 JC |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION AND |
| | ) ORDER OF REMAND |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| Defendant. | ) |

18  **I.    SUMMARY**

19          On April 10, 2012, plaintiff Jose Lopez ("plaintiff") filed a Complaint

20  seeking review of the Commissioner of Social Security's denial of plaintiff's

21  application for benefits.  The parties have consented to proceed before a United

22  States Magistrate Judge.

23          This matter is before the Court on the parties' cross motions for summary

24  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25  Court has taken both motions under submission without oral argument.  See Fed.

26  R. Civ. P. 78; L.R. 7-15; April 12, 2012 Case Management Order ¶ 5.

27  ///

28  ///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On September 19, 2008, plaintiff filed an application for Disability

7    Insurance Benefits.  (Administrative Record ("AR") 109).  Plaintiff asserted that

8    he became disabled on March 20, 2008, due to AIDS and cholesterol problems.

9    (AR 135).  The Administrative Law Judge ("ALJ") examined the medical record

10   and heard testimony from plaintiff and a vocational expert on May 11, 2010.  (AR

11   40-64).

12   On July 10, 2010, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 27-33).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the severe impairment of HIV infection (AR 29);

15   (2) plaintiff did not have an impairment or combination of impairments that met or

16   medically equaled a listed impairment (AR 29-30); (3) plaintiff retained the

17   residual functional capacity to perform medium work (20 C.F.R. § 404.1567(c))

18   with an additional non-exertional limitation[1] (AR 30); (4) plaintiff could perform

19   his past relevant work as an auto mechanic and auto technician, exhaust emissions

20   (AR 32); and (5) plaintiff's allegations regarding his limitations were not credible

21   to the extent they were inconsistent with the ALJ's residual functional capacity

22   assessment (AR 32).

23   The Appeals Council denied plaintiff's application for review.  (AR 1).

24   ///

25

26   [1]The ALJ determined that plaintiff:  (1) could lift and carry 50 pounds occasionally and

27   25 pounds frequently; (2) stand and walk six hours in an eight hour workday; (3) sit six hours in
     an eight hour workday; and was limited to jobs "with no requirement to read instructions or write

28   reports."  (AR 30).

# III.   APPLICABLE LEGAL STANDARDS

## A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

3

1    experience, allow the claimant to adjust to other work that

2    exists in significant numbers in the national economy?  If so,

3    the claimant is not disabled.  If not, the claimant is disabled.

4    Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5    Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

6        The claimant has the burden of proof at steps one through four, and the

7    Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

8    F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also

9    Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

10   **B.    Standard of Review**

11       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

12   benefits only if it is not supported by substantial evidence or if it is based on legal

13   error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

14   2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

15   (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

16   mind might accept as adequate to support a conclusion."  Richardson v. Perales,

17   402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

18   mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

19   Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

20       To determine whether substantial evidence supports a finding, a court must

21   "'consider the record as a whole, weighing both evidence that supports and

22   evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

23   Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

24   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

25   or reversing the ALJ's conclusion, a court may not substitute its judgment for that

26   of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

27   ///

28   ///

4

1    **IV.    DISCUSSION**

2         Plaintiff asserts that the ALJ's step four determination is not supported by

3    substantial evidence because the requirements of plaintiff's past relevant work as

4    generally performed – which the ALJ found plaintiff could do – exceed plaintiff's

5    current abilities.  (Plaintiff's Motion at 2-7).  As discussed below, the Court

6    concludes that the ALJ's determination that plaintiff could perform his past

7    relevant work as generally performed is not currently supported by substantial

8    evidence in the record.  As the Court cannot find that the ALJ's error at step four

9    is harmless, a remand is warranted.

10        **A.    Pertinent Law**

11        At step four of the sequential evaluation process, a social security claimant

12   has the burden to show that he can no longer perform his past relevant work as

13   "actually" or "generally" performed.  See Pinto v. Massanari, 249 F.3d 840, 844-

14   45 (9th Cir. 2001) (citations omitted); Villa v. Heckler, 797 F.2d 794, 798 (9th

15   Cir. 1986) ("The claimant has the burden of proving an inability to return to his

16   former *type* of work and not just to his former job.") (emphasis in original).

17   Although the claimant has the burden of proof at step four, "the ALJ still has a

18   duty to make the requisite factual findings to support his conclusion."  Id. at 844

19   (citations omitted); see also Social Security Ruling ("SSR") 82-62[2] at *4 (ALJ's

20   analysis at step four "must follow an orderly pattern and show clearly how specific

21   evidence leads to a conclusion.").  To do so, the ALJ must identify "the 'physical

22   and mental demands' of the claimant's past relevant work" and explain how such

23   demands are consistent with the claimant's present residual functional capacity.

24   Pinto, 249 F.3d at 844-45 (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)).

25   

26        [2]Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903
     F.2d 1273, 1275 n.1 (9th Cir. 1990).  Such rulings reflect the official interpretation of the Social
27   Security Administration and are entitled to some deference as long as they are consistent with the
     Social Security Act and regulations.  Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir.
28   2007) (citing SSR 00-4p).

                                           5

1    ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") to

2    determine "how a job is generally performed." Pinto, 249 F.3d at 845-46

3    (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable

4    job information). The DOT is the presumptive authority on job classifications.

5    Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may seek

6    testimony from a vocational expert to assist in determining whether a claimant's

7    residual functional capacity would permit a return to the claimant's past type of

8    work. Pinto, 249 F.3d at 845-46. An ALJ may not rely on a vocational expert's

9    testimony regarding the requirements of a particular job, however, without first

10   inquiring whether the testimony conflicts with the DOT, and if so, the reasons

11   therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing

12   Social Security Ruling 00-4p). In order for an ALJ to accept vocational expert

13   testimony that contradicts the DOT, the record must contain "persuasive evidence

14   to support the deviation." Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at

15   1435). Evidence sufficient to permit such a deviation may be either specific

16   findings of fact regarding the claimant's residual functionality, or inferences

17   drawn from the context of the expert's testimony. Light v. Social Security

18   Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations

19   omitted).

20        **B.    Analysis**

21        Plaintiff asserts that the ALJ erred at step four in finding that plaintiff could

22   perform his past relevant work as an auto mechanic and auto technician for

23   exhaust emissions because the reading and writing requirements of such positions

24   exceed plaintiff's abilities. (Plaintiff's Motion at 4).

25        First, the requirements of the jobs of automobile mechanic (DOT § 620.261-

26   010) and automotive technician, exhaust emissions (DOT § 620.281-014) appear

27   to be inconsistent with plaintiff's residual functional capacity as assessed by the

28   ALJ. For example, in the hypothetical question to the vocational expert, the ALJ

6

1  included a limitation to jobs that did not require reading beyond "the most simple
2  instructions . . . [o]ne or two-word phrases" and writing beyond the preparation of
3  "check-off reports" (*i.e.*, "nothing that requires actual writing").  (AR 62).  The
4  vocational expert testified that, in spite of such limitations, plaintiff (or a
5  hypothetical person with plaintiff's characteristics) could perform the jobs of
6  automobile mechanic and automotive technician, exhaust emissions.  (AR 61-62).
7  According to the DOT, however, both the jobs of automobile mechanic and
8  automotive technician, exhaust emissions require, among other things, the ability
9  to "[i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or
10 schedule form," "[r]ead safety rules, instructions in the use and maintenance of
11 shop tools and equipment, and methods and procedures in mechanical drawing and
12 layout work," and "[w]rite reports and essays with proper format, puncuation [sic],
13 spelling, and grammar, using all parts of speech."  (DOT §§ 620.261-010,
14 620.281-014).  Therefore, it appears that an individual who is unable to read more
15 than "[o]ne or two-word phrases" and cannot prepare a report "that requires actual
16 writing" would be precluded from such jobs.  See, e.g., Pinto, 249 F.3d at 843-44,
17 46-47 (ALJ erred at step four by not obtaining explanation from vocational expert
18 for apparent conflict between hypothetical claimant's inability to communicate in
19 English and past relevant job as a "hand packager" which, according to the DOT,
20 "requires an ability to '[r]ecognize [the] meaning of 2,500 (two or three-syllable)
21 words,' '[c]ompare similarities and differences between words and between series
22 of numbers,' and write and speak simple, grammatically correct sentences.").

23       Second, since the vocational expert did not acknowledge that there was a
24 conflict between her testimony and the DOT on this issue, neither the vocational
25 expert nor the ALJ attempted to explain or justify the apparent deviation in any
26 manner.  (AR 32, 62-63).  Accordingly, the vocational expert's testimony, which
27 the ALJ adopted, could not serve as substantial evidence supporting the ALJ's
28 determination at step four that plaintiff could perform the occupations of

automobile mechanic and automotive technician, exhaust emissions.[3]  <u>Pinto</u>, 249

F.3d at 846.

Finally, the Court cannot find such error harmless as defendant points to no

other persuasive evidence in the record which could support the ALJ's

determination at step four that plaintiff was not disabled.  <u>See</u>, <u>e.g.</u>, <u>Pinto</u>, 249

F.3d at 847 (remand warranted where ALJ found claimant not disabled at step four

based "largely" on vocational expert's testimony that conflicted with DOT, neither

ALJ nor vocational expert addressed the deviation, and ALJ otherwise "made very

few findings"); <u>cf</u>. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008)

(ALJ erred in finding that claimant could return to past relevant work based on

vocational expert's testimony that deviated from DOT because ALJ "did not

identify what aspect of the [vocational expert's] experience warranted deviation

from the DOT, and did not point to any evidence in the record other than the

[vocational expert's] sparse testimony" to support the deviation, but error was

harmless in light of ALJ's alternative finding at step five, which was supported by

substantial evidence, that claimant could still perform other work in the national

and local economies that existed in significant numbers ).

Defendant essentially argues that any error was harmless because the ALJ

was not required to consider plaintiff's "education and literacy level" until step

five.  (Defendant's Motion at 5).  This argument is unavailing.  Here, the ALJ did

_____

[3]The administrative decision did state that "[t]o the extent [the vocational expert's] testimony] differs from the DOT or is not expressed in the DOT, the [ALJ] accepts the vocational expert's undisputed opinion based on her observation, knowledge, and expertise." (AR 32).  Such conclusory assertion – which essentially amounts to "because the vocational expert said so" – is not a persuasive explanation for the apparent conflict in this case between the vocational expert's testimony and the DOT.  <u>Cf.</u>, <u>e.g.</u>, <u>Johnson</u>, 60 F.3d at 1435 (finding "persuasive evidence" to support vocational expert's deviation from DOT where "there was persuasive testimony of available job categories in the local rather than the national market, and testimony matching the *specific* requirements of a designated occupation with the *specific* abilities and limitations of the claimant.") (emphasis added).

take plaintiff's limited reading and writing abilities into account at step four by including such limitations in the hypothetical to the vocational expert and in plaintiff's residual functional capacity assessment in the decision.  See, e.g., Pinto, 249 F.3d at 846 n.5 (declining to reach question whether illiteracy may properly be considered at step four where "ALJ clearly did take [claimant's] illiteracy into account and presented it in his hypothetical to the vocational expert").  In any event, the Court cannot affirm the Commissioner's decision based on a ground not invoked by the ALJ.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (Court is constrained to review the reasons cited by the ALJ.) (citations omitted).

## V.   CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   August 28, 2012

_____
                    /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).